IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD SCOTT : | |
| v. : | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA : | |
| and : | |
| CITY OF PHILADELPHIA : | Civil Action No. _____ |
| POLICE OFFICER JOHN DOE I : | |
| Individually and as a Police Officer : | |
| for the City of Philadelphia : | |
| and : | |
| CITY OF PHILADELPHIA : | |
| POLICE OFFICER JOHN DOE II : | |
| Individually and as a Police Officer : | |
| for the City of Philadelphia : | |

## **COMPLAINT**

Plaintiff, Reginald Scott ("Mr. Scott"), by and through his attorneys, Gay & Chacker, P.C., hereby asserts the following Complaint against defendants, City of Philadelphia Police Officer John Doe I ("defendant John Doe I"), City of Philadelphia Police Officer John Doe II ("defendant John Doe II")(collectively "police officer defendants") and the City of Philadelphia (collectively "defendants").

## **Parties**

1. Mr. Scott is and was at all times relevant to this action an adult individual residing at 4227 Pennsgrove Street, Philadelphia, Pennsylvania, 19104.

2. Defendant John Doe I was at all times relevant to this action a police officer of the City of Philadelphia Police Department. He is being sued in his individual capacity as a police officer for the City of Philadelphia. Defendant John Doe I is a white or Hispanic male who participated in the stop of Mr. Scott as described herein and who is a fictitious person that has not otherwise been identified after a reasonable search to determine the actual name has been

conducted.

3. Defendant John Doe II was at all times relevant to this action an officer of the City of Philadelphia Police Department. He is being sued in his individual capacity as a police officer for the City of Philadelphia. Defendant John Doe II is a white or Hispanic male who participated in the stop of Mr. Scott as described herein and who is a fictitious person that has not otherwise been identified after a reasonable search to determine the actual name has been conducted.

4. Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the City of Philadelphia Police Departments, which employed the defendant police officers.

## Jurisdiction

5. This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

## Facts

6. On July 2, 2019 at approximately 10:45 p.m. Mr. Scott was lawfully operating his vehicle at or near 4200 Westminster Avenue, Philadelphia, Pennsylvania.

7. The police officer defendants were operating a City of Philadelphia police patrol vehicle behind Mr. Scott and activated the vehicle's flashing emergency lights.

8. In response, Mr. Scott immediately pulled to the side of the road and stopped his vehicle.

9. Mr. Scott exited his vehicle and asked the police officer defendants why he was

pulled over.

10. The police officer defendants told Mr. Scott that he was stopped because he had an expired registration and no tag light.

11. Despite the fact that Mr. Scott had done nothing wrong and without any basis in law to do so, defendant John Doe I then struck Mr. Scott with a police baton.

12. Defendant John Doe II began choking Mr. Scott.

13. The police officer defendants forcefully and repeatedly punched, shoved, and kicked Mr. Scott and struck him with their police batons.

14. The police officer defendants forcefully twisted Mr. Scott's arm behind his back and violently threw him onto the hood of their patrol vehicle.

15. During the course of the unjustified and violent assault, Mr. Scott told the police officer defendants he had a prior shoulder injury and a metal rod in his shoulder. The police officer defendants, however, ignored Mr. Scott and continued to physically assault him.

16. The police officer defendants handcuffed Mr. Scott's hands behind his back and forcefully threw him onto the rear floor of their patrol vehicle.

17. Throughout the course of the incident, despite it being obvious that Mr. Scott had done nothing wrong and that the force being used upon Mr. Scott by the police officer defendants was excessive, neither police officer defendant made any attempt to prevent or interrupt the use of excessive force, or to protect Mr. Scott from violations of his rights by the other police officer defendant.

18. The defendant police officers had ample opportunity to stop the use of force but failed and refused to do so.

19. At no time did Mr. Scott cause or present any danger to any police officers or anyone present at the scene.

20. At no point did Mr. Scott resist the police officer defendants in any way.

21. Mr. Scott was assaulted to the point that he had to seek medical treatment for his injuries.

22. As a direct and proximate result of the actions or inactions of the defendants, Mr. Scott suffered severe and permanent injuries to his head, neck, shoulder, upper arms and back and he has experienced headaches, photophobia, radiculopathy, bruising, abrasions, scarring and various other ills.

23. Subsequent to the unlawful assault, Mr. Scott was unlawfully charged with multiple violations of the Pennsylvania Motor Vehicle Code including 75 Pa.C.S.A. § 1301(a), Driving Unregistered Vehicle Prohibited, 75 Pa.C.S.A. § 1786(f), Operation of Motor Vehicle Without Required Financial Responsibility, 75 Pa.C.S.A. § 1311(b), Carrying and Exhibiting Registration Card, and 75 Pa.C.S.A. § 4303(b), Operating Vehicle Without Rear Lighting.

24. The citations were completed by defendant John Doe I or defendant John Doe II, identify the defendant's badge number as 3492, and bear the following signature:



25. Mr. Scott did not violate the laws of Pennsylvania as described in the bogus paperwork prepared by the police officer defendants.

26. Indeed, at the time of the traffic court hearing on September 4, 2019, the prosecution withdrew all of the above offenses.

27. The police officer defendants' conduct in preparing and causing to be prepared police paperwork accusing Mr. Scott of violations of law when there was no basis in fact or law to do so was intentional, malicious, in bad faith, deliberately indifferent and recklessly indifferent to Mr. Scott's rights.

28. Mr. Scott continues to suffer from, *inter alia,* trauma, anxiety, fear, and mental harm.

29. As a direct and proximate result of the defendants' actions, Mr. Scott was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and in particular the right to be free from excessive force while being detained/arrested and the right to be free from malicious prosecution.

## COUNT ONE
## 42 U.S.C. § 1983 Against The Police Officer Defendants

30. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 29, inclusive, of his Complaint as if the same were set forth at length herein.

31. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against the police officer defendants for violation of Mr. Scott's constitutional rights under color of law.

32. As aforesaid, the police officer defendants, acting within the course and scope of the their employment with defendant City of Philadelphia, under color of state law, and pursuant to the customs, policies and practices of the defendant City of Philadelphia, intentionally and maliciously injured Mr. Scott; deprived Mr. Scott of his rights, privileges and immunities under the Constitution of the United States and the laws of the United States; in particular, the right to

be free from excessive use of force by an officer; and the right to be free from malicious prosecution, which violated Mr. Scott's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

33. The police officer defendants, acting within the course and scope of their employment, under color of state law, and pursuant to the customs, policies and practices of the City of Philadelphia and the City of Philadelphia Police Department, intentionally and maliciously assaulted and battered Mr. Scott, and used their positions of authority illegally and improperly to punish Mr. Scott as set forth above which violated Mr. Scott's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

34. The police officer defendants have been deliberately indifferent to the rights of citizens of the Commonwealth of Pennsylvania and, in particular, the City of Philadelphia, to be free from excessive force, which deliberate indifference violated Mr. Scott's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and were in violation of 42 U.S.C. Section 1983.

35. As a result of the above actions, Mr. Scott suffered the damages as aforesaid.

36. The actions of defendants were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Scott's rights and well-being that the imposition of punitive damages is warranted.

## COUNT TWO
### Bystander Liability
### 42 U.S.C. § 1983 Against The Police Officer Defendants

37. Mr. Scott hereby incorporates the allegations contained in paragraphs 1 through 36, inclusive, of his Complaint as if the same were set forth at length herein.

38. The police officer defendants encouraged and stood idly by while Mr. Scott was assaulted and battered which deprived Mr. Scott of his rights and privileges under the Fourth and Fourteenth Amendments of Constitution of the United States.

39. The police officer defendants failed to fulfill their obligation to intervene when they had an independent and affirmative duty to prevent the assault and battery of Mr. Scott; particularly where the force used was improper and excessive and the police officer defendants had ample opportunity to intervene and stop the assault and battery.

40. By encouraging and failing to intervene, the defendant police officers effectively assisted each other in assaulting and battering Mr. Scott and therefore deprived Mr. Scott of his Constitutional rights and privileges under the Fourth and Fourteenth Amendments to the Constitution of the United States.

41. As a result of the above actions, Mr. Scott suffered the damages as aforesaid.

42. The actions of defendants were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Scott's rights and well-being that the imposition of punitive damages is warranted.

## COUNT THREE
### Supplemental State Claims Against The Police Officer Defendants

43. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 42, inclusive, of his Complaint as if the same were set forth at length herein.

44. The acts and conduct of the police officer defendants constitute assault and battery, malicious prosecution, negligent infliction of emotional distress, outrageous conduct causing emotional distress, defamation, abuse of process and invasion of privacy – casting in false light under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

45. The police officer defendants, acting in concert and conspiracy, committed acts in violation of Mr. Scott's Constitutional Rights and against the laws of Pennsylvania. The police officer defendants made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct and to cover-up the wrongful prosecution of Mr. Scott.

46. Defendants performed overt acts in furtherance of the conspiracy.

47. As a result of the above actions, Mr. Scott suffered the damages as aforesaid.

48. The actions of the defendants were so malicious, intentional and reckless, and displayed such a reckless indifference to Mr. Scott's rights and well-being that the imposition of punitive damages is warranted.

**COUNT FOUR**
**42 U.S.C. Section 1983 Against City of Philadelphia**

49. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 48, inclusive, of his Complaint as if the same were set forth at length herein.

50. Prior to July 2, 2019, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons, which caused the violation of Mr. Scott's rights.

51. It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its police officers, including the police officer defendants, thereby failing to adequately discourage further constitutional violations on the part of their police officers. The City of Philadelphia did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

52. It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train their police officers, including the police officer defendants, against a code of silence or "blue code" of officers refusing to intervene against or provide truthful information against constitutional violations and misconduct committed by their fellow officers.

53. The municipal defendants and their Police Departments adopted and maintained for many years a recognized and accepted policy, custom and practice of systematically assaulting and battering suspects and subjecting individuals to the same type of treatment and false charges to which Mr. Scott was subjected, which policy constitutes the use of excessive force and violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. Section 1983.

54. The City of Philadelphia and its Police Department have adopted and maintained for many years a recognized policy, custom and practice, which allows for assaulting and battering suspects by police officers without adequate basis in law to do so, the same type of treatment to which Mr. Scott was subjected, and which violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. Section 1983.

55. At the time that Mr. Scott was assaulted the City of Philadelphia knew or should have known of the previously described policy, custom and practice of its Police Department, and it deliberately, knowingly, and negligently failed to take measures to stop or limit the policy, custom and practice, *inter alia*, providing proper training, supervision, and control of the officers, agents, and/or employees of the City of Philadelphia.

56. As a result of the above described policies and customs, City of Philadelphia police officers, including the police officer defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated and condoned.

57. As a result of the above actions, Mr. Scott suffered the damages as aforesaid.

WHEREFORE, the plaintiff requests the following relief:

a. Compensatory damages as to all defendants;

b. Punitive damages as to the individual defendants;

c. Reasonable attorney's fees and costs as to all defendants;

d. Such other declaratory and further relief as appears reasonable and just; and

e. A jury trial as to each defendant and as to each count.


*James A. Wells*
JAMES A. WELLS, ESQUIRE
GAY & CHACKER, P.C.
1731 Spring Garden Street
Philadelphia, PA  19130
(215) 567-7955
fax: (215) 567-6809
james@gayandchacker.com

**Attorneys for Plaintiff
Reginald Scott**

Date:  June 29, 2021